FILED

1  ALEXANDER B. TRUEBLOOD (Bar No. 150897)
   TRUEBLOOD LAW FIRM
2  10940 Wilshire Boulevard, Suite 1600
   Los Angeles, California 90024
3  Telephone: (310) 443-4139
   Facsimile: (310) 943-2255
4
   Attorneys for Plaintiff
5  CAROL ROTH

2011 AUG -8 PM 2:58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CAROL A. ROTH,

   Plaintiff,

   vs.

COMMERCIAL RECOVERY SYSTEMS, INC., SANTANDER CONSUMER USA INC., and DOES 1-10, inclusive,

   Defendants.

Case No: LACV11-6500 RGK (RZx)

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION AND FAIR CREDIT REPORTING LAWS

COMPLAINT

Plaintiff Carol A. Roth hereby complains against defendants Commercial Recovery Systems, Inc. ("CRS"), Santander Consumer USA Inc.("Santander"), and Does 1-10, and alleges on information and belief as follows:

## OPERATIVE FACTS

1. Defendants are debt collectors who attempted to collect an alleged debt from plaintiff. In doing so, defendants committed violations of the Fair Debt Collection Practices Act (FDCPA) and the Rosenthal Fair Debt Collection Practices Act.

2. On August 26, 2005, plaintiff purchased a vehicle under a conditional sales contract regulated by California's Automobile Sales Finance Act, Civil Code § 2981 et. seq. ("Rees-Levering Act"). The dealership assigned the contract to Citifinancial, and Santander later acquired Citifinancial's assets, including plaintiff's conditional sales contract. Santander thus became the holder of the contract.

3. Plaintiff fell behind on her payments due to being laid off, and Santander repossessed plaintiff's vehicle in May, 2009. Santander and/or Citifinancial sent plaintiff a post-repossession notice which did not comply with Civil Code § 2983.2(a) in multiple respects. Santander/Citifinancial sold plaintiff's vehicle and assessed a deficiency balance. However, plaintiff did not legally owe that deficiency balance because Santander/Citifinancial's post-repossession notice failed to strictly comply with Civil Code § 2983.2(a).

4. Santander hired defendant CRS, as its agent, to collect on the alleged deficiency balance. CRS sent plaintiff a letter dated March 9, 2011 which stated falsely that a deficiency balance of $3830.06 was owing. The letter also falsely threatened plaintiff with a lawsuit if she did not pay.

5. CRS sent plaintiff another demand letter dated April 21, 2011, which failed to state that the letter was from a debt collector, as required by the FDCPA. The letter also falsely stated that plaintiff would have to pay by April 30, 2011 "to

1

avoid any further action." The letter was carbon copied to Santander.

6. On April 21, 2011, CRS's employee Ryan Rutledge called plaintiff and left a voicemail message in which he failed to state that the communication was from a debt collector.

7. Plaintiff sent CRS a letter by certified mail, dated April 25, 2011, which requested that CRS cease all contact with plaintiff, and her family and friends, with respect to any debt CRS contended plaintiff owed. CRS received the letter a few days later.

8. On July 28, 2011, CRS's employee called plaintiff and left a message. She stated "This is Teresa. I am calling in reference to a claim that was filed against you in my office. I need you to return a call at 1-800-214-5310 in reference to file no. 3020722. We are in the office until 5 p.m. central standard time. Thank you." The message did not state that it was from a debt collector. On July 28, 2011, there had been no "claim" filed against plaintiff.

9. Despite multiple threats to sue plaintiff, CRS and Santander never intended to sue her, and did not sue her.

10. CRS was the agent of Santander, and was acting in the course and scope of its agency, employment and authority and with the permission and consent of Santander in committing the acts alleged. The defendants are jointly and severally liable to plaintiffs.

11. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names. Each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

COMPLAINT

## JURISDICTION AND VENUE

12. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

13. Venue is proper in the Central District of California because the defendants reside in this district. Defendants do regular business and are subject to personal jurisdiction in this district.

## FIRST CAUSE OF ACTION
**(Against Defendant CRS and the Doe Defendants for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**

14. Plaintiff realleges and incorporates herein by reference the allegations of each and every paragraph above.

15. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a.

16. Defendants violated 15 U.S.C. § 1692c by failing to cease communication with plaintiff, upon being notified in writing that plaintiff wished defendants to cease further communication.

17. Defendants violated 15 U.S.C. § 1692d by engaging in conduct in connection with the collection of a debt allegedly owed by plaintiff, the natural consequence of which was to harass, oppress, or abuse.

18. Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt allegedly owed by plaintiff.

19. Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

20. Plaintiff is entitled to any actual damages sustained by her as a result of defendants' conduct in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

COMPLAINT

21. Plaintiff is entitled to statutory damages of $1,000, pursuant to 15 U.S.C. § 1692k. Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

22. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against All Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq.)**

23. Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

24. The Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq (the "Rosenthal Act") was enacted in 1976 to ensure the integrity of our banking and credit industry. Civil Code § 1788.1(b). The Legislature found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Civil Code § 1788.1(a)(2).

25. Defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(d), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engaged in acts and practices in connection with the collection of consumer debt. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that she is a natural person from whom defendants sought to collect a consumer debt alleged to be due and owing.

26. The purported debt which defendants attempted to collect from plaintiff was a "consumer debt" within the meaning of Civil Code § 1788.2(f).

27. Defendant Santander violated Civil Code § 1788.17 by attempting to collect a debt which was not owed, by among other things, hiring defendant CRS.

Santander knew the debt was not owed because it had been served with one or more class action lawsuits which alleged that its post-repossession notices did not comply with Civil Code § 2983.2(a).

28. CRS violated Civil Code § 1788.17 by attempting to collect a debt which was not owed, and Santander is vicariously liable for this conduct as the principal of CRS.

29. CRS violated Civil Code § 1788.13(j) by making false representations that a legal proceeding had been or was about to be instituted unless payment on the debt was made. Santander is vicariously liable for this conduct as the principal of CRS.

30. CRS violated Civil Code § 1788.11(b) by placing telephone calls without disclosure of the caller's identity, and failing to state the agency represented. Santander is vicariously liable for this conduct as the principal of CRS.

31. Defendants violated the provisions of Civil Code § 1788.17 by:

(a) engaging in conduct the natural consequence of which was to harass, oppress, or abuse in connection with collection of an alleged debt, in violation of 15 U.S.C. § 1692d;

(b) using false, deceptive, or misleading misrepresentations or means in connection with the collection of an alleged debt, in violation of 15 U.S.C. § 1692e; and

(c) using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

32. As a proximate result of defendants' violations enumerated above, plaintiff has been damaged in amounts which are subject to proof, and is entitled to collect such actual damages from defendants.

33. Defendants' violations of the Rosenthal Act were willful and knowing, thereby entitling plaintiff to statutory damages pursuant to Civil Code § 1788.30(b).

34. Plaintiff is entitled to recover her reasonable attorney's fees and costs

pursuant to Civil Code §1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**(Against Defendant Santander for Violations of the Consumer Credit Reporting Agencies Act, Civil Code § 1785 et seq.)**

35. Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

36. Plaintiff did not owe a deficiency balance to Santander, as a result of its violations of the Rees-Levering Act, Civil Code § 2983.2(a). Santander knew that the alleged deficiency balance was disputed and not owed by virtue of having been served with one or more class actions alleging that its post-repossession notices did not comply with Civil Code § 2983.2(a).

37. Santander nevertheless reported that plaintiff owed a deficiency balance, and was past due in paying it, to the three major credit reporting agencies.

38. Defendants thereby violated Civil Code § 1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency when they knew or should have known that such information was incomplete or inaccurate.

39. Defendants are liable for said violations pursuant to Civil Code §§ 1785.25(g) and 1785.31.

40. Plaintiff has suffered actual damages as a result of defendants' unlawful acts, including but not limited to pain and suffering.

41. Defendants' violations of the Consumer Credit Reporting Agencies Act were negligent, entitling plaintiff to recover actual damages pursuant to Civil Code § 1785.31.

42. Defendants' violations of the Consumer Credit Reporting Agencies Act were willful, entitling plaintiff to recover punitive/statutory damages of between $100 and $5,000 per violation, and any other relief the court deems proper,

pursuant to Civil Code § 1785.31.

43. Plaintiff has been aggrieved by defendants' violations described herein, and seeks injunctive relief commanding defendants to delete or adjust their credit reporting tradeline on plaintiff's credit reports, and to refrain from any future false credit reporting on the subject account.

44. Plaintiff is entitled to an award of attorneys fees and costs pursuant to Civil Code § 1785.31(d).

WHEREFORE, plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;

2. For statutory damages;

3. For injunctive relief;

4. For pre-judgment interest to the extent permitted by law;

5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

6. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States Constitution.

Dated: August 8, 2011

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: _____
Alexander B. Trueblood

Attorneys for Plaintiff
CAROL A. ROTH

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Carol A. Roth

**DEFENDANTS**
COMMERCIAL RECOVERY SYSTEMS, INC., SANTANDER CONSUMER USA INC., and DOES 1-10, inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Alexander Trueblood (Bar. No 150897)
Trueblood Law Firm
10940 Wilshire Blvd., Suite 1600, Los Angeles, CA 90024 (310) 443-4139

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

LACV11-6500

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Commercial Recovery Systems: Los Angeles<br>Santander Consumer USA: Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/_  Date August 8, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (12 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

### CV11- 6500 RGK (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Alexander Trueblood
Trueblood Law Firm
10940 Wilshire Blvd., Suite 1600
Los Angeles, California 90024

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Carol A. Roth, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | LACV11-6500RGK(RZx) |
| COMMERCIAL RECOVERY SYSTEMS, INC., SANTANDER CONSUMER USA INC., and DOES 1-10, inclusive | SUMMONS |
| DEFENDANT(S). | |

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Alexander Trueblood_____, whose address is _10940 Wilshire Blvd., Suite 1600, Los Angeles, CA 90024_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  __AUG - 8 2011__          By: _____
                                       Deputy Clerk

                                       *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                         SUMMONS